UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN TUEPKER
and CLAIRE TUEPKER                                                      PLAINTIFFS

V.                                         CIVIL ACTION NO. 1:05CV559 LTS-JMR

STATE FARM FIRE & CASUALTY COMPANY                      DEFENDANT

## MEMORANDUM OPINION

The Court has before it Defendant State Farm Fire & Casualty Company's (State Farm) motion to dismiss the complaint under F.R.Civ.P. 12(b)(6). In considering this motion, the Court must accept as true the well-pleaded facts set out in the complaint, and the Court must allow all inferences favorable to the plaintiffs *Lowrey v. Texas A & M University System,* 117 F.3d 242 (5th Cir.1997). Dismissal is proper only if it appears that the plaintiffs can prove no set of facts in support of their allegations that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The complaint alleges the following relevant facts: Plaintiffs own a residence in Long Beach, Mississippi. Plaintiffs' residence was insured under a State Farm homeowners insurance policy (Policy Number 24100401-1). The policy was in force during the policy period August 9, 2005, through August 9, 2006.

The State Farm policy was sold through State Farm agent Elvis Gates. Plaintiffs have alleged: "In selling the subject policy to Plaintiffs and subsequently collecting premiums under the policy, State Farm and its agent Gates expressly and/or impliedly represented to Plaintiffs that they would have full and comprehensive coverage for any and all hurricane damage, including any and all damage proximately, efficiently, and typically caused by hurricane wind and 'storm surge' proximately caused by hurricanes." (Complaint, Paragraph 11)

The complaint further alleges: "Based on the representation of hurricane coverage made by State Farm and Gates and the express and implicit policy coverages, Plaintiffs reasonably relied on said representations and purchased the subject policy with the reasonable expectation that the subject policy would provide full and comprehensive coverage for any and all hurricane damage to the insured residence." (Complaint Paragraph 14).

Paragraphs 12 and 13 of the complaint set out a number of allegations that are not part of the well-pleaded complaint. These allegations, which the Court is not obliged to accept, concern the plaintiffs' interpretation of the terms of the insurance contract, including the endorsement containing the "Hurricane Deductible." *Baker Farms, Inc. v. Hulse*, 54 Fed.Appx. 404 (5th Cir.2002). The meaning of the unambiguous terms of an insurance policy are determined by the Court as a matter of law, not as questions of fact. *Nat Harrison Associates, Inc. v. Gulf States Utilities Co.*, 491 F.2d 578 (5th Cir.1974).

On August 29, 2005, the insured property was completely destroyed during Hurricane Katrina. Plaintiffs allege that the damage was caused by "hurricane wind, rain, and/or storm surge from Hurricane Katrina." (Complaint, Paragraph 15).

By letter dated October 6, 2005, State Farm declined the plaintiffs' claim on the grounds that the destruction of their property was a result of "storm surge, wave wash, and flood." (Letter from State Farm representative Larry Carroll, Exhibit 2, to Plaintiff's response in opposition to State Farm's motion to dismiss)

This litigation ensued.

## The Provisions of the State Farm Policy

State Farm's insurance policy number 24100401-1 is identified on its face as a "Homeowners Policy." The policy contains the following relevant provisions:

*SECTION I - LOSSES INSURED*

*COVERAGE A - DWELLING*
*We insure for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I - LOSSES NOT INSURED*

*COVERAGE B - PERSONAL PROPERTY*
*We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in SECTION I - LOSSES NOT INSURED:*

*\* \* \**

2. *Windstorm or hail. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.*

*SECTION I - LOSSES NOT INSURED*

1. *We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:*

    a. *Collapse, except as specifically provided in SECTION I ADDITIONAL COVERAGES, Collapse.*

    *\* \* \**

2. *We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the excluded event; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs*

> *suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:*
>
> \* \* \*
>
> c.   *Water Damage, meaning:*
>    (1)   *flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;*
>
> \* \* \*
>
> 3.   *We do not insure under any coverage for any loss consisting of one or more of the items listed below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:*
>
> \* \* \*
>
> c.   *weather conditions*
>
> *However, we do insure for any resulting loss from items a., b., and c. unless the resulting loss is itself a Loss Not Insured by this Section.*

## Applicable Rules of Law

### The Interpretation of the Insurance Contract

The interpretation of the terms of an insurance policy present questions of law, not fact. *Gore v. American Motorist Insurance Co.*, 441 F.2d 10 (5th Cir.1971); *U.S. Fidelity & Guar. Co. v. Omnibank*, 812 So.2d 196 (Miss.2004). The terms of an insurance policy are to be interpreted under the rules of construction generally applicable to written contracts, and where the terms of an

insurance policy are clear and unambiguous, they are to be enforced as written. *Shaw v. Burchfield*, 481 So.2d 247 (Miss.1985); *Farmland Mutual Ins. Co. v. Scruggs*, 886 So.2d 714 (Miss.2004). Any ambiguity in the terms of an insurance policy is to be resolved in favor of the insured and against the insurer who drew the contract. *Williams v. Life Ins. Co. of Georgia*, 367 So.2d 922 (Miss.1979). An insurance contract is to be considered as a whole, and each of its provisions should be given a reasonable interpretation that is, to the extent possible, consistent with the other terms of the contract. *Glantz Contracting Co. v. General Electric Co.*, 379 So.2d 912 (Miss.1973).

### Claims Under the State Farm Policy

When I apply these legal principles to the facts alleged in the complaint, it is apparent to me that State Farm's motion for judgment on the pleadings cannot be granted. Much depends on the evidence that may be adduced in support of the allegations of the complaint. But under the standards applicable to a motion to dismiss under F.R.Civ.P. 12(b)(6), i.e. accepting all of the material allegations of the complaint as true and granting the plaintiffs all reasonable inferences in support of their claims, I cannot say that there is no set of facts the plaintiffs may establish in support of their claim which would entitle them to relief.

I begin with the allegation of paragraph 15 of the complaint that the plaintiffs' property damage was caused by ". . .hurricane wind, rain, and/or storm surge from Hurricane Katrina." I accept this allegation as true, and I grant the plaintiffs the favorable inference that the destruction of their property was attributable in part to wind, in part to rain, and in part to storm surge.

As to the damage caused by wind, there is coverage under the provisions of the State Farm policy because destruction of the insured dwelling by a windstorm, including a hurricane, would constitute an accidental direct physical loss and would therefore be a covered peril. Thus, to the extent that the plaintiffs' property was damaged by wind or by objects propelled by wind, the State Farm policy covers the loss. This is also true of damage to personal property inside the insured dwelling caused by rain that entered plaintiff's home through breaches in walls or in the roof caused by hurricane winds.

Losses directly attributable to water in the form of a "storm surge" are excluded from coverage because this damage was caused by the inundation of plaintiffs' home by tidal water from the Mississippi Sound driven ashore during Hurricane Katrina. This is water damage within the meaning of that policy exclusion. The exclusion found in the policy for water damage is a valid and enforceable policy prevision. Indeed, similar policy terms have been enforced with respect to damage caused by high water associated with hurricanes in many reported decisions. *Fireman's Insurance Co. v. Schulte*, 200 So.2d 240 (Miss.1967); *Lunday v. Lititz Mutual Insurance Co.*, 276 So.2d 696 (Miss.1973); *Lititz Mutual Insurance Co. v. Buckley*, 261 So.2d 492 (Miss.1972); *Home Insurance Co. v. Sherrill*, 174 F.2d 945 (5th Cir.1949); *Grace v. Lititz Mutual Insurance Co.*, 257 So.2d 217 (Miss.1972); *Commercial Union Ins. Co. v. Byrne*, 248 So.2d 777 (Miss.1971); *Litiz Mutual Insurance Co. v. Boatner*, 254 So.2d 765 (Miss.1971).

But because this is an exclusion from coverage in a comprehensive homeowners insurance policy, and because the exclusion constitutes an affirmative defense, State Farm would bear the burden of proving that the exclusion applies to the plaintiffs' claims. *Commercial Union Insurance Co. v. Byrne*, 248 So.2d 777 (Miss.1971). If the evidence were to indicate that part of the plaintiffs' losses were attributable to wind and rain (making them covered losses under the applicable provisions of the policy), and part of the loss were attributable to flooding (which is excluded from coverage), the determination of which was the proximate cause of the damage to the insured dwelling or to any given item of property (or the determination of the proportion of the damage to the insured dwelling or to any given item of property was proximately caused by each phenomenon) would be a question of fact under applicable Mississippi law. *Grace v. Lititz Mutual Insurance Co.*, 257 So.2d 217 (Miss.1972). Likewise, if the evidence shows that the damage occurred over time, so that wind damage preceded damage from a "storm surge," the wind damage would be a covered loss, even if subsequent damage from the "storm surge" that exacerbated the loss were properly excluded from coverage. *Litiz Mutual Insurance Co. v. Boatner*, 254 So.2d 765 (Miss.1971).

Because this policy carries a specific "Hurricane Deductible Endorsement," it is apparent to me that it was intended to cover damages sustained in a hurricane because of the effects of rain, hurricane winds, and objects that might be carried by

those winds, whether or not there was also damage caused by high water.  Thus, to the extent State Farm contends that the hurricane itself, i.e. the hurricane winds and rain, would constitute a weather condition that would completely relieve State Farm of liability for damage to insured property (under Provision 3 (c) of SECTION I - LOSSES NOT INSURED), I find that the policy is ambiguous and its weather exclusion therefore unenforceable in the context of losses attributable to wind and rain that occur during a hurricane.

Under applicable Mississippi law, where there is damage caused by both wind and rain (covered losses) and water (losses excluded from coverage) the amount payable under the insurance policy becomes a question of which is the proximate cause of the loss.  To the extent that the State Farm policy is inconsistent with this settled rule of Mississippi law, the exclusionary language is invalid.

I also find that the language in the State Farm policy that introduces subsection 2 of SECTION I - LOSSES NOT COVERED is ambiguous. The provisions in question purport to exclude from coverage losses that would otherwise be covered, such as wind damage, when that covered loss happens to accompany water damage (an excluded loss).  The provision states:

> 2. *We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events.  We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:* [Specifically listing the excluded perils Ordinance or Law, Earth Movement, Water Damage, Neglect, War, and Nuclear Hazard]

I find that this language in the State Farm policy creates ambiguities in the context of damages sustained by the insured during a hurricane.  These provisions purport to exclude coverage for wind and rain damage, both of which are covered losses under this policy, where an excluded cause of loss, e.g. water damage, also occurs.  I find that these two exclusions are ambiguous in light of the other policy provisions granting coverage for wind and rain damage and in light of the inclusion

of a "hurricane deductible" as part of the policy.

To the extent that plaintiffs can prove their allegations that the hurricane winds (or objects driven by those winds) and rains entering the insured premises through openings caused by the hurricane winds proximately caused damage to their insured property, those losses will be covered under the policy, and this will be the case even if flood damage, which is not covered, subsequently or simultaneously occurred.  Again, these are fact-specific inquiries that must be resolved on the basis of the evidence adduced at trial.  For purposes of resolving State Farm's motion, I must give the plaintiffs the benefit of all reasonable inferences available to support their claim.

Of course, I cannot know at this juncture what the evidence will be.  It is likely that both the plaintiffs and State Farm will present expert evidence on the issue of the cause or causes of the damage to the plaintiffs' property.  But it is my opinion, upon a thorough review of the terms of the State Farm policy, that the damage attributable to wind and rain will be covered, regardless of whether an inflow of water caused additional damage that would be excluded from coverage.

<u>Representations Made by State Farm's Agent</u>

I turn next to the issue of plaintiffs' alleged reliance on the representations of State Farm's agent.  Again, I accept as true the allegations of the complaint.  That is, I accept as true the plaintiffs' allegations that State Farm's agent represented to them that all damage they might sustain during a hurricane, including damage caused by "storm surge,"  would be covered by the homeowners policy at issue.

Under applicable Mississippi law, an agent for an insurance company has the authority to make certain binding representations on behalf of the insurer, and, in certain circumstances, the insurer and the agent may be liable for misrepresentations concerning issues of coverage. Nichols v. Shelter Insurance Co., 923 F.2d 1158 (5th Cir.1991).

Allstate's agent was under no affirmative duty to advise the plaintiffs what coverages were necessary for the protection of their property.  Yet, if the plaintiffs made an inquiry of the agent and the agent, in response, made the representations concerning coverage that the plaintiffs have alleged, State Farm may have potential

liability for all of the damage to the plaintiffs' property.  Again, this is a fact-specific inquiry into exactly what the plaintiffs asked, exactly what was said in response to their inquiry, and the circumstances in which the inquiry and response were made.

I cannot tell from the documents before me when the policy in question was actually delivered to the plaintiffs, and there is no indication what the parties' prior course of dealing may have been.  The plaintiffs have alleged that they relied upon the State Farm agent's representations and that their reliance was reasonable. At this juncture, plaintiffs are entitled to the inference that their reliance was reasonable, even though that is also a question of fact which is subject to proof at trial.

Under the standards applicable to a Motion To Dismiss under F.R.Civ.P. 12(b)(6), I cannot say, as a matter of law, that plaintiffs can prove no set of facts in support of their claim which would entitle them to relief.  Accordingly, the State Farm motion to dismiss will be denied.

An appropriate order will be entered.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge