UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JOHN TUEPKER AND CLAIRE TUEPKER                               PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:05cv559-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                             DEFENDANT


**ORDER CERTIFYING INTERLOCUTORY APPEAL**

On May 24, 2006, this Court issued a Memorandum Opinion [30] (Opinion) and accompanying Order [31] denying defendant State Farm Fire & Casualty Company's (State Farm) Motion to Dismiss [8]. State Farm then moved [35] for the Opinion and Order to be altered, which this Court denied on August 18 [44]. State Farm now requests [49] that this Court, pursuant to 28 U.S.C. § 1292(b), certify for interlocutory appeal these rulings. The Plaintiffs have filed a response [53] opposing State Farm's motion, but alternatively suggesting their own numerous issues to be certified, including some that were not addressed in the Opinion and Order.

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of the appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided*, *however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

This Court's earlier Opinion addressed several issues as raised by State Farm's dismissal motion. They revolve around the interrelation of several provisions of the subject insurance policy, and their interpretation. They include the water damage exclusion; the weather conditions provision; the hurricane deductible endorsement; the anti-concurrent cause clause; and the respective burdens to be carried by the parties. Under the facts, there is also the issue of coverage for collapse. The Court determined that the water damage exclusion is valid and that storm surge is nothing more than a flood, but that the anti-concurrent cause clause (especially when combined with a hurricane deductible endorsement) does not negate coverage for damage which is caused by the covered risk of wind. In addition, this Court held that Plaintiffs bear the burden of

proving allegations that hurricane wind (and resulting damages when the direct force of wind causes an opening in a roof or wall and the rain enters through this opening), while the exclusion is an affirmative defense on which the Defendant carries the burden.

This Court relied on several Mississippi Supreme Court cases which arose from the devastation of Hurricane Camille to uphold the validity of the water damage exclusion. Much has occurred in the insurance industry in the intervening years. Companies have included in their coverage what is referred to above as anti-concurrent language, and have in many instances along the Mississippi Gulf Coast appended a hurricane deductible endorsement to homeowner policies.

State Farm stresses that it "has not taken the position that its anti-concurrent cause language excludes separable, independent wind damage merely because there is also concurrent or subsequent flood damage" [50] at 4;

> [r]ather, State Farm's anti-concurrent cause language bars coverage for inseparable damage that is caused by a combination of wind and water, in whatever proportion, provided that the damage would not have occurred in the absence of water. Depending on the factual evidence in any particular case, the difference between the result under the standard formulated by this Court and the result under the standard established by State Farm's anti-concurrent cause language may be significant, and it may be significant in the aggregate.

*Id*. at 5.

Plaintiffs counter "that the Court's adjudication of the anti-concurrent-cause language in the State Farm policy, and indeed all other homeowner policies at issue in the Katrina litigation, is correct and that such clauses are ambiguous and also render the coverage illusory as a matter of Mississippi law." [53] at 1. However, Plaintiffs contend

> that the Court did not go far enough in applying the legal effect of such findings of ambiguity; phrased differently, the Court correctly *interpreted* the conflict between the coverage provisions and the anti-concurrent-cause exceptions to create ambiguity, but failed to give such ambiguities the *construction* mandated by operation of law. Specifically, such findings compel application of the *contra proferentem* doctrine, and under Mississippi law the Court should construe the *policy*, not merely the anti-concurrent provisions, liberally in favor of the [Plaintiffs] and a finding of coverage.

*Id*. at 2 (emphasis in original).

In Black's Law Dictionary 328 (7th ed. 1999), *contra proferentem* is defined as: "The doctrine that, in interpreting documents, ambiguities are to be construed unfavorably to the drafter." It is also termed the "ambiguity doctrine," and the Latin translation is "against the offeror," in this case State Farm. Plaintiffs would also urge that the occurrence of "storm surge" is not excluded, and that the efficient proximate cause concept applies.

Following the self-explanatory language of 28 U.S.C. § 1292(b), it is most obvious and should be stressed that an appeal will materially advance the ultimate termination of the litigation.  Indeed, given the magnitude of the Court's Hurricane Katrina docket, this same emphasis and conclusion can be given and reached with respect to many other pending cases.  As indicated in the Opinion, "[t]he interpretation of the terms of an insurance policy present questions of law, not fact." [30] at 4 (citations omitted); the facts may vary, but the standards and burdens to be applied in pending litigation and future trials will not.  Therefore, the Opinion and Order satisfy § 1292(b)'s requirement that a controlling question of law be involved.  While this Court believes in the correctness of its decisions and their analysis, the various contract provisions alluded to above arguably possess the potential of multiple plausible interpretations; in light of their complexity (or confusion), there is substantial ground for difference of opinion.

Accordingly, it is this Court's determination, pursuant to 28 U.S.C. § 1292(b), that the [30] Memorandum Opinion and [31] Order denying State Farm's Motion to Dismiss, as further clarified by [44] Order denying State Farm's [35] Motion to Alter or Amend Memorandum Opinion and Order, involve controlling questions of law as to which there is substantial ground for difference of opinion and an immediate appeal from them may materially advance the ultimate termination of the litigation.  This certification is limited to the interpretation of the various provisions of the subject insurance policy under the factual circumstances presented.  Neither the other issues addressed in [44], nor the management of the Court's docket, is appropriate for certification.

For docket control purposes, this order also **TERMINATES** State Farm's [49] Motion to Certify for Interlocutory Appeal.

**SO ORDERED** this the 27th day of September, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge