UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN AND CLAIRE TUEPKER                                                              PLAINTIFFS

V.                                                         CIVIL ACTION NO. 1:06cv559-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                 DEFENDANT

**<u>ORDER</u>**

On March 23, 2007, Defendant filed a [81] Motion to Stay Proceedings Until After Conclusion of All Appeals Related to Interlocutory Appeal to the Fifth Circuit. The Court's [57] Order Certifying Interlocutory Appeal did not contain a provision staying proceedings in this Court. *See* 28 U.S.C. § 1292(b). It is apparent from the docket sheet that trial preparation has proceeded unabated until recently.

By text order entered on March 27, 2007, the United States Magistrate Judge granted the [81] Motion to Stay as to all proceedings, including the settlement conference scheduled that same day, and required counsel to inform this Court in writing within ten days of the conclusion of proceedings in the Fifth Circuit. This Court has had an opportunity to review Defendant's [81] motion, and after due consideration is of the opinion that the Magistrate's order should be modified.

Paragraphs 2. and 3. of the [81] motion read:

> The parties have agreed that they each intend to vigorously pursue and advance their respective positions on appeal and that they do not agree to compromise those positions nor to dismiss their appeals, as a consequence of which there is a live case or controversy between them with respect to the issues on appeal. However, the parties have agreed to liquidate their damages in the event of an appellate outcome that is adverse to his, her or its position, consistent with *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 371 (1982) and *Nixon v. Fitzgerald*, 457 U.S. 731, 744 (1982).
>
> Pending final conclusion of all appeals, there are no matters to be resolved by this Court, and continuance of the presently scheduled Settlement Conference and a stay of all other proceedings until that time is appropriate. No party will be prejudiced by the stay sought, and the Court's docket will not be unreasonably delayed thereby.

Counsel in this case are virtually the same as in *Woullard v. State Farm*, Civil Action No. 1:06cv1057. At the hearing held on February 28, 2007, in the latter case as to the request for class action certification, the existence of a settlement agreement in the instant case was

suggested and not denied, despite the fact that an interlocutory appeal and cross-appeal are being pursued.

The motion [81] clearly indicates that a deal has been struck. Fed. R. Civ. P. 23 (e)(2) provides that "[t]he parties seeking approval of a settlement, voluntary dismissal, or compromise under Rule 23(e)(1) *must* file a statement identifying *any* agreement made in connection with the proposed settlement, voluntary dismissal, or compromise" (emphasis added).

There is no indication that this agreement has been disclosed to the Fifth Circuit. In the two United States Supreme Court opinions cited in Defendant's [81] motion, the agreement was disclosed to the reviewing court prior to a ruling on the appeal. In the interest of full and fair disclosure, it is appropriate that this Court and the United States Court of Appeals be provided a true and correct copy of the agreement, which can be accomplished with adequate protection.

Accordingly, **IT IS ORDERED:**

The text only order entered March 27, 2007, granting the [81] Motion to Stay is hereby **MODIFIED** as follows:

Within five calendar days of the date of this Order, counsel for the parties shall file under seal with this Court (in this cause of action and in *Woullard v. State Farm)* and the United States Court of Appeals for the Fifth Circuit (in all the docketed cases there involving the instant cause of action) a true and correct copy of the agreement (or document by whatever name it is called or given) by which "the parties have agreed to liquidate their damages in the event of an appellate outcome that is adverse to his, her or its position", and so identify it and its subject matter in clear language on the envelope or other means containing the agreement (or document by whatever name it is called or given).

The Clerk of Court, or any Deputy Court Clerk, shall forward a true and correct copy of the [81] Motion to Stay and this Order in all docketed cases of the United States Court of Appeals for the Fifth Circuit in this cause of action.

Proceedings in this cause of action are **NOT STAYED** until counsel for the parties provide confirmation satisfactory to this Court that all requirements of this Order have been met, which confirmation shall be accomplished within five days of the date of this Order.

Failure to comply with any requirement of this Order shall result in the imposition of sanctions.

**SO ORDERED** this the 30th day of March, 2007.

S/ L. T. SENTER, JR.
SENIOR JUDGE